IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID F. KELLY BEY,

    Petitioner

v.

DANIEL S. KEEN,

    Respondent

CIVIL NO. 3:CV-12-2283

(Judge Conaboy)

FILED
SCRANTON

MAY 23 2013

PER ___CT___
DEPUTY CLERK

**MEMORANDUM**
**Background**

David F. Kelly Bey, an inmate presently confined at the Franklin County Prison, Chambersburg, Pennsylvania, filed this *pro se* petition pursuant to 28 U.S.C. § 2254. Petitioner was previously granted leave to proceed *in forma pauperis*. Named as Respondent is Warden Daniel Keen of the Franklin County Prison.

Kelly Bey states that he is seeking habeas corpus relief with respect to the following three (3) Franklin County Court of Common Pleas criminal cases, 426-10; 427-10; and 1512-10. See Doc. 1, ¶ 1. Petitioner indicates that in those cases, he was charged respectively with theft by unlawful taking, retail theft, and driving under the influence. As a result of a *nolo contendere* plea entered to those charges, Kelly Bey states that he was sentenced on October 6, 2010 to an aggregate eleven and one half (11½) to twenty-three (23) month term of incarceration. See id. at ¶¶ 2-3.

1

Petitioner further states that although he did not file a direct appeal he did seek collateral relief via a November 23, 2010 petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[1] His PCRA petition which asserted claims of ineffective assistance of counsel, imposition of an illegal sentence and lack of jurisdiction was denied.

His present petition claims entitlement to federal habeas corpus relief on the basis that he was subjected to a violation of the Interstate Agreement on Detainers (IAD).[2] See id. at ¶ 12. According to Kelly Bey, this claim was not raised in his aforementioned PCRA action.

A copy of a pro se state court habeas corpus petition dated December 27, 2010 which is attached to Kelly Bey's pending federal petition provides that on August 10, 2010 he entered a nolo contendere plea to the above described criminal charges in

---

[1] See 42 Pa. Cons. Stat. Ann. § 9541 et seq. One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

[2] A detainer is a legal order that requires the custodial official of an individual currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different jurisdiction for a different crime. Alabama v. Bozeman, 121 S.Ct. 2079, 2082. (2001). The IAD creates uniform procedures for the lodging and execution of detainers.

the Franklin County, Pennsylvania Court of Common Pleas. Sentencing was scheduled for October 6, 2012.

During the pre-sentencing interim, on or about September 2, 2010, Petitioner asserts that "went to Florida on a emergency family matter." See Doc. 1, p. 19. While in Florida, Kelly Bey was arrested on September 20, 2010 on charges of possession of marijuana and driving with a suspended or revoked license. See id. He received an eight (8) month sentence on the Florida marijuana charge on October 26, 2010.[3]

While awaiting disposition of his Florida charges, Kelly Bey contends that he was arrested on October 6, 2010 on a fugitive from justice warrant issued by Pennsylvania state authorities. The next day Petitioner signed a waiver of extradition. See id. At p. 20. As a result, the Commonwealth was purportedly granted thirty (30) days by a Florida state court in which to assume custody of Kelly Bey.

Petitioner claims that because the Commonwealth failed to extradite him in a timely manner, he was detained in Florida for approximately 6½ months, did not arrive back in Pennsylvania until April 27, 2011, and was not sentenced in Franklin County until November 23, 2011.[4] Kelly Bey concludes that since the

---

[3] Kelly Bey indicates that the second charge was dismissed.

[4] Petitioner also acknowledges that he also must a thirty - six month separate sentence imposed by the Franklin County Court of
(continued...)

detainer was not executed in a timely manner his Franklin County sentences should be vacated. The gist of Kelly Bey's pending claim is his apparent contention that Pennsylvania authorities acted improperly by waiting until he had completed service of his Florida state sentence before executing the detainer.

## Discussion

A habeas corpus petition is "a proper vehicle for challenging a detainer on the ground that prosecution on the underlying charges would be unconstitutional." Grant v. Hogan, 505 F.2d 1220, 1223 (3d Cir. 1974); " Kirkpatrick v. Ohio, Civil Action No. 1:07-CV-2202, 2007 WL 4443219, at *1 (M.D. Pa. Dec. 18, 2007)(Conner, J.).[5]

In Mokone v. Fenton, 710 F.2d 998, 1002 (3d Cir. 1983), the Court of Appeals for the Third Circuit recognized that a habeas petitioner who challenges an out-of-state detainer, " must exhaust the remedies of the state where the charge is pending." Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of

---

[4](...continued)
Common Pleas on March 28, 2012.

[5] Unlike Grant, this is not a case where Petitioner is seeking to bar a criminal prosecution or seek a speedy trial. . Rather, this matter regards imposition of a post-conviction, pre-sentence detainer. There is no claim by Kelly Bey that the imposition of the Pennsylvania state detainer prevented him from being released on bail with respect to his Florida state charges.

4

available state corrective process; or there are existing circumstances which render the state process ineffective.

The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004). The Third Circuit Court of Appeals has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The Supreme Court in O'Sullivan explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847. The

5

Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994); Schandelmeier v. Cunningham, 819 F.2d 52, 55 (3d Cir. 1986).

Kelly Bey acknowledges that he has not exhausted his pending claims in Pennsylvania state court. See Doc. 1, ¶ 12. However, Petitioner requests that the because his pro se state habeas corpus petition which raised his instant detainer

challenge has been pending for 23 months, the exhaustion of state court remedies requirement should be excused in his pending case on the grounds of inordinate delay.

The present action contain multiple inconsistencies which clearly undermine Kelly Bey's inordinate delay argument. First, although Petitioner states that he pled <u>nolo contendre</u> to the three Pennsylvania criminal charges underlying this matter (Doc. 1, ¶ 6), a review of the relevant state court dockets as well as the undisputed record from a related federal habeas corpus action previously filed by Petitioner with this Court provides that with respect to 1512-2010, Kelly Bey actually entered a guilty plea on August 23, 2010 and was sentenced on November 23, 2011. In 426-2010 and 427-2010, Kelly Bey entered guilty pleas on June 21, 2010 and was sentenced on November 23, 2011. Thus, Petitioner's assertion that he entered <u>nolo contendre</u> pleas is questionable.

Second, the Petition (Doc. 1, ¶ 2) states that Kelly Bey was sentenced on October 6, 2010. As discussed above, the official state court docket and the copy of the <u>pro se</u> state habeas petition attached to this action both reflect that sentencing occurred on November 23, 2011.

Third, Petitioner states that he filed a PCRA action on November 2010 which included a claim that an illegal sentence (Doc. 1, ¶ 11) was imposed in his case. However, if sentencing was not conducted until November 23, 2011 a challenge to said sentence could not have been filed a year earlier.

Fourth and most importantly, Petitioner has attached what purports to be a copy of a pro se habeas corpus petition (Doc. 1, p. 15). He adds that this petition which included his pending detainer challenge has been pending without determination before the Court of Common Pleas for twenty-three (23) months. However, the state petition which is dated December 27, 2010 (Id. at p. 32), approximately 23 months prior to the filing of this federal petition, includes references to events which subsequently transpired on April 27, 2011 (his arrival back in Pennsylvania) and November 23, 2011 (his Pennsylvania state sentencing).

Since the pro se state habeas petition was clearly not filed until some time after November 23, 2011 and therefore less then a year before the November 12, 2012 initiation of this federal petition, the inordinate delay argument premised on a non-existing 23 month delay lacks merit. This determination is bolstered by a review of Petitioner's relevant state court dockets which indicates that he did not file a pro se habeas petition with the Court of Common Pleas on December 27, 2010 and that he did not file any pro se habeas corpus petitions with the Court of Common Pleas until the later part of 2012, specifically five (5) such petitions were initiated by Kelly Bey between August 29, 2012 and March 4, 2013.

Although Petitioner's request to be excused from non-exhaustion of the basis of inordinate delay will be rejected, in both Rhines v. Weber, 544 U.S. 269 (2005) and Crews v. Horn, 360

8

F. 3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed (one containing both exhausted and unexhausted claims) federal habeas corpus petition. Both <u>Rhines</u> and <u>Crews</u> addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1).

The United States Supreme Court in <u>Rhines</u>, recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. <u>Rhines</u>, 544 U.S. at 277. The Court of Appeals for the Third Circuit in <u>Crews</u> similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." <u>Crews</u>, 360 F.3d at p. 154 (internal citations omitted).

As in <u>Crews</u>, Kelly Bey should not face the prospect of forfeiting federal court review of his detainer challenge. Given the fact that this action challenges a sentence of relatively short duration, Petitioner's <u>pro se</u> status, the fact that Petitioner has multiple pending actions in Pennsylvania state court challenging the legality of the state court convictions underlying this matter, and out of an abundance of caution,

9

Crews counsels in favor of a stay of litigation in this case while Kelly Bey exhausts the state review process on his pending federal claim.

However, in order to keep this matter moving forward, within thirty (30) days of the termination of Petitioner's state court proceedings regarding his pending federal detainer based claim, he will be required to file a written status report with the Court detailing the conclusion of his state court exhaustion efforts and including a copy of the relevant Superior and/or Supreme Court's dispositions. Failure to timely file the required written status report may be deemed a failure to prosecute.

Upon demonstration by Petitioner that his state court proceedings have concluded with respect to his pending detainer based claim, the stay issued in this matter will be lifted, until such time this matter will be marked closed for administrative purposes. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: MAY 23rd, 2013