IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID F. KELLY BEY,

     Petitioner

v.

DANIEL S. KEEN,

     Respondent

CIVIL NO. 3:CV-12-2283

(Judge Conaboy)

FILED
SCRANTON

DEC 08 2014

PER_____
DEPUTY CLERK

## MEMORANDUM
### Background

David F. Kelly Bey filed this pro se petition pursuant to 28 U.S.C. § 2254 while he was confined at the Franklin County Prison, Chambersburg, Pennsylvania.[1] Named as Respondent is Warden Daniel Keen of the Franklin County Prison.

By Order dated May 23, 2013, adjudication of Kelly Bey's action was stayed pending termination of his state court proceedings. See Doc. 9. A Memorandum and Order issued April 22, 2014, consolidated a second habeas action filed by Petitioner, Kelly Bey v. Glunt, Civil No. 3:CV-14-125, into this matter pursuant to Federal Rule of Civil Procedure 42(a).

The Respondent has responded to the consolidated petitions by filing a motion to dismiss for failure to comply with Rule 2(c)

---

[1] The Petitioner was subsequently transferred to the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview).

of the Rules Governing section 2254 Cases in the United States District Courts. <u>See</u> Doc. 29.

Kelly Bey's initial action seeks habeas corpus relief with respect to the following three (3) Franklin County Court of Common Pleas criminal cases, 426-10; 427-10; and 1512-10. <u>See</u> Doc. 1, ¶ 1. Petitioner indicates that in those cases, he was charged respectively with theft by unlawful taking, retail theft, and driving under the influence. As a result of a <u>nolo contendere</u> plea entered to those charges, Kelly Bey states that he was sentenced on October 6, 2010 to an aggregate eleven and one half (11½) to twenty-three (23) month term of incarceration. <u>See</u> <u>id</u>. at ¶¶ 2-3.

The initial petition claims entitlement to federal habeas corpus relief on the basis that Kelly Bey was subjected to a violation of the Interstate Agreement on Detainers (IAD).[2] <u>See</u> <u>id</u>. at ¶ 12. Specifically, Kelly Bey argues that because the Commonwealth of Pennsylvania failed to execute a detainer lodged against him in a timely manner while he was incarcerated in the State of Florida his Franklin County sentences should be vacated. Petitioner's consolidated federal habeas corpus action challenges the same <u>nolo contendere</u> plea and sentence as his initial habeas corpus request.

---

[2] The IAD creates uniform procedures for the lodging and execution of detainers.

2

## Discussion

A <u>pro se</u> litigant has an affirmative obligation to keep the court informed of his or her address. <u>See</u> M.D. Pa. Local Rule 83.18. If his or her address changes in the course of the litigation, the litigant should immediately inform the court of such change.

A review of the record reveals that a copy of a November 24, 2014 Order entered in this matter was returned as undeliverable. <u>See</u> Doc. 32. A follow up telephone call by the Clerk of Court's office to Petitioner's last known place of incarceration revealed that Petitioner had been transferred from SCI-Rockview to a halfway house in May, 2014. Kelly Bey has not advised this Court of his release from custody or his current address nor made any filings in this matter since May 2, 2014.

Kelly Bey's failure to advise this Court of his current whereabouts indicates that he is no longer interested in pursuing his request for federal habeas corpus relief and precludes this Court from taking any further action in this matter. It is also noted that a prior habeas corpus action filed by Petitioner with this Court, <u>Kelly Bey v. Coleman</u>, Civil NO. 3:CV-09-929 slip op. (M.D. Pa. Jan. 27, 2010)(Conaboy, J.) was similarly dismissed for failure to prosecute because Kelly Bey failed to advise the Court of his current address.

The inability of this Court to communicate with Petitioner is solely the result of his own inaction and prevents the taking of any other sanctions. See Poulis v. State Farm, 747 F. 2d 863 (3d Cir. 1984). Since Kelly Bey's present whereabouts are unknown, it would be a waste of judicial resources to allow this action to continue. This Court is satisfied that based on the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted. If Petitioner provides this Court with his current address within a reasonable period of time, this determination will be reconsidered. An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: DECEMBER 8th, 2014